# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cv-00119-MR

| | |
|---|---|
| **EDDRICCO L. BROWN-BEY,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>) |
| **ROY COOPER, et al.,** | )<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on March 23, 2021, pursuant to 42 U.S.C. §§ 1983 and 1985, pro se Plaintiff Eddricco L. Brown-Bey ("Plaintiff"), a prisoner of the State of North Carolina currently incarcerated at Warren Correctional Institution ("Warden CI") in Norlina, North Carolina, purports to bring claims arising out of events occurring in Wake, Warren, Columbus, and Robeson Counties, North Carolina.[1] Plaintiff names Governor Roy Cooper; Erik A. Hooks, identified as the Secretary of the North Carolina Department of Public Safety (NCDPS); and Shanticia Hawkins, identified as the Warden at Warren

---

[1] These counties are in the Eastern District of North Carolina.

CI, as Defendants in their individual and official capacities. [Doc. 1 at 2-3]. Plaintiff alleges violations of his rights under the Eighth, Ninth, and Tenth Amendments to the U.S. Constitution; the United Nations Declaration for the Rights of Indigenous Peoples; and the Universal Declaration for Human Rights. [Id. at 3]. Plaintiff alleges that since 2018 Defendants have been conspiring to have Plaintiff raped and killed during Plaintiff's incarcerations at Tabor City Correctional Institution, Lumberton Correctional Institution, and Warren CI. [Id. at 4]. Plaintiff further alleges that on January 27, 2021, Defendants Hooks and Cooper, through Defendant Hawkins, authorized staff at Warren CI to have Plaintiff raped by other inmates. [Id.]. Plaintiff alleges that "some of the secret plots are conspired and planned by" Defendants Cooper and Hooks in Raleigh, Wake County, North Carolina. [Id.] Plaintiff claims that Defendants are targeting Plaintiff "for being Cherokee, and the tribal member of the Imperial City Cherokee Nation of North Carolina." [Id.]. Plaintiff seeks injunctive relief only. [Id. at 5].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this action to the Eastern District of North Carolina.

### III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Eastern District of North Carolina.
2. The Clerk is instructed to terminate this action.

3

Case 3:21-cv-00119-MR   Document 4   Filed 03/29/21   Page 3 of 4

**IT IS SO ORDERED**.

Signed: March 29, 2021

Martin Reidinger
Chief United States District Judge